IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:20-CR-20-KAC-DCP |
| NATHANIEL T. TAYLOR, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion to Continue Trial [Doc. 18], filed on December 15, 2020. The Defendant asks the Court to continue the January 5, 2021 trial date, because counsel needs additional time to litigate a suppression motion and to prepare the case for trial. The Defendant also requests an extension of the plea deadline to allow the parties time to discuss a potential resolution of the case. The motion relates that the Defendant understands all time is excludable under the Speedy Trial Act. The parties have conferred with Chambers and agreed on a new trial date of June 15, 2021. The Government expressed no opposition to the requested continuance.

The Court finds Defendant Taylor's motion to continue the trial and plea deadline is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, the January 5, 2021 trial date must be continued pursuant to the Standing Orders of this Court. On November 30, 2020, Chief United States District Judge Travis R. McDonough entered Standing Order 20-21, which continues all jury

trials between November 30, 2020, and January 15, 2021. This Order states that due to the "reduced ability to obtain an adequate spectrum of jurors and the risks posed to the jurors and the public due to the increased prevalence of COVID-19 in all divisions, the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial." E.D.TN SO-20-21. In the Standing Order, the Court finds the time between November 30, 2020, and January 15, 2021, to be excluded under the Speedy Trial Act. E.D.TN SO-20-21. On January 4, 2021, Chief Judge McDonough extended the continuation of all jury trials through February 28, 2021, finding the time through that date excludable under the Speedy Trial Act. E.D. TN SO-21-01.

Additionally, the Court finds that a continuance beyond February 28, 2021, is necessary to prepare this case for trial. On December 15, 2020, Defendant filed a Motion to Suppress [Doc. 16] and a notice requesting an evidentiary hearing [Doc. 17]. *See* 18 U.S.C. § 3161(h)(1)(D). The Court has set an in-person evidentiary hearing on the suppression motion for January 27, 2021. After hearing this motion, the Court will need time to prepare a report and recommendation on the motion, the parties will need time to file objections and responses to the report, and the District Judge will need time to rule on the motion in light of the report and filings. *See* 18 U.S.C. § 3161(h)(1)(H). Once the parties receive a ruling on the suppression motion, they will need time to prepare for trial. The Court finds that litigation of the suppression motion and other pretrial preparations cannot be concluded by February 28 or in less than five and one-half months. Thus, the Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial and plea deadline [**Doc. 18**] is **GRANTED**. The trial of this case is reset to **June 15, 2021**. The Court finds that all the time between the filing of

2

the motion on December 15, 2020, and the new trial date of June 15, 2021, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B); E.D.TN SO-20-21. The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) The Defendant's Motion to Continue Trial [**Doc. 18**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **June 15, 2021**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;[1]

(3) All time between the filing of the motion on **December 15, 2020**, and the new trial date of **June 15, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 14, 2021**;

(5) The parties are to appear before the undersigned for a final pretrial conference on **May 17, 2021, at 11:00 a.m.**;

(6) The deadline for filing motions *in limine* is **May 31, 2021**; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **June 4, 2021**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

---

[1] This case was reassigned to United States District Judge Katherine A. Crytzer on January 4, 2021 [Doc. 20].

3