UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:20-CR-20-KAC-DCP |
| ) | |
| NATHANIEL TAYLOR ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION TO DISMISS INDICTMENT**

This criminal case is before the Court on the United States's "Motion to Dismiss Indictment" [Doc. 90] as to Defendant Nathaniel Taylor. The United States moves to dismiss the indictment against Defendant "with prejudice" because "[t]he Sixth Circuit Court of Appeals held that the firearm should be suppressed," and "without that evidence, the United States cannot prove the charged offense beyond a reasonable doubt" [Doc. 90 at 1]. Defendant "has no objection to this motion" [*Id.*].

Federal Rule of Criminal Procedure 48(a) permits the United States to "dismiss an indictment, information, or complaint" "with leave of court." Fed. R. Crim. P. 48(a). "The decision to maintain a prosecution is exclusively within the discretion of the executive branch of government." *United States v. Valle*, 697 F.2d 152, 154 (6th Cir. 1983) (citations omitted). "Few subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or whether to dismiss a proceeding once brought." *Newman v. United States*, 382 F.2d 479, 480 (D.C. Cir. 1967). The Supreme Court has instructed that "[t]he principal object of the 'leave of court' requirement" is narrow— "to protect a defendant against prosecutorial harassment . . . when

1

the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (per curiam); *see also United States v. Stapleton*, 297 F. App'x 413, 431 (6th Cir. 2008) ("The primary purpose of Rule 48(a) is the protection of the defendant's rights . . . to prevent harassment of a defendant by charging, dismissing and re-charging without placing a defendant in jeopardy." (internal quotation marks omitted)).

Upon this Court's limited review, the United States has met its burden. The United States no longer believes it can prove the charged offense beyond a reasonable doubt [Doc. 90 at 1]. There is no evidence of "prosecutorial harassment"—Defendant does not oppose the Motion [*See id.* at 1]. *See Rinaldi*, 434 U.S. at 29 n.15. And dismissal would be with prejudice, protecting Defendant's rights. *See Stapleton*, 297 F. App'x at 431. Therefore, the Court **GRANTS** the United States's "Motion to Dismiss Indictment" [Doc. 90]. The Court **DISMISSES** the Indictment against Defendant **with prejudice**.

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge